# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18cr407-MHT |
| | ) | (WO) |
| GLENN EDWARD NUTT | ) | |

## PRELIMINARY ORDER OF FORFEITURE

**WHEREAS**, the United States of America gave notice to defendant Glenn Edward Nutt in the indictment (doc. no. 1) that it would seek the forfeiture of all property involved in the commission of the offenses in violation of 18 U.S.C. §§ 2252A(a)(2) and (5)(B); and,

**WHEREAS**, defendant consents to the forfeiture in his plea agreement (doc. no. 20, p. 6);

**IT IS HEREBY ORDERED THAT** the government's motion for a preliminary order of forfeiture (doc. no. 26) is granted as follows:

1. As a result of the guilty plea on count 1 of the indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253, any visual depiction described in 18 U.S.C.§§ 2251(a), 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains such visual depiction, which was produced, transported, mailed, shipped or received in violation of such offense; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and, any property, real or personal, used and intended to be used to commit and to promote the commission of such offense in violation of 18 U.S.C. §§ 2252A(a)(2) and (5)(B).

2. The court has determined that the following property is subject to forfeiture pursuant to 18 U.S.C. § 2253; that the defendant has an interest in such property; and, that the United States has established the requisite nexus between such property and such offenses:

    (a)      Dell desktop PC, bearing serial number 99YPKB1 containing a Western Digital hard drive, bearing serial number WCASU4142820;

    (b)      Sony Walkman MP3 player, serial number: 5041384;

    (c)      LG VS880 cellular telephone, IMEI number: 352265063034089;

    (d)      Sony Viao laptop computer, serial number 275287313004478 containing a Hitachi hard drive, serial number: 110423PBN475172LR0EE;

    (e)      Sony CD-R;

    (f)      Sony 16GB thumb drive; and,

    (g)      Sony Cybershot digital camera, serial number: 504552.

3.      Upon the entry of this order, the United States Attorney General is authorized to seize the above-listed property and conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

4.      Upon entry of this order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this order.

5.      The United States shall publish notice of the order and of its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

6.      Any person, other than the above-named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his

alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c), which incorporates 21 U.S.C. § 853(n)(6).

7. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), this order of forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the oral pronouncement of sentence and included in the written judgment in a criminal case.

8. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the subject property following the court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 28 U.S.C. § 2461(c), for the filing of third-party petitions.

11. The court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

12. IT IS FURTHER ORDERED that the clerk of the court shall note entry of this order in writing on the judgment and forward a certified copy of this order to the United States Attorney's

Office.

DONE, this the 6th day of November, 2018

                                          <u>/s/ Myron H. Thompson</u>
                                        UNITED STATES DISTRICT JUDGE